■ In the Matter of the Claim of MARY R. HEYBROUCK, Respondent, against FORST PACKING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which made an award of death benefits. The sole question presented here is whether there is substantial evidence to support the finding that death was related to the accident. On November 20, 1945 in the course of his employment the deceased employee while doing heavy lifting became weak and dizzy. His condition was diagnosed as a ruptured blood vessel in the brain and left hemiplegia resulted. A claim for compensation was filed and the Referee found that the unusual strain and exertion experienced by the decedent was causally related to his resulting disability. On review the board affirmed. The decedent was paid compensation for total disability until the time of his death on April 17, 1954. In the interval his condition grew worse and he developed mental changes. At the hearings held on the claim for death benefits conflicting medical evidence was presented and the Referee disallowed the claim. On review the board reversed, with one member dissenting, and found that the decedent's death was causally related to his accident of 1945. There is medical testimony in the record to the effect that the decedent's death was directly related to the cerebral hemorrhage which resulted from the accident which occurred in 1945. Although the physician expressing this opinion stated at one point that he could not know just how much brain softening had resulted from the accident, he nevertheless testified that such softening had resulted and his opinion as to causal relationship was definite. The board was presented with a conflict in the medical testimony and its decision is supported by substantial medical evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.